UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SENAD M.,

    Petitioner,

v.

STEVEN AHRENDT,

    Respondent.

Civ. No. 19-17536 (KSH)

**OPINION**

**HAYDEN, United States District Judge**

## I. INTRODUCTION

Petitioner Senad M.[1] ("Petitioner" or "Senad") is an immigration detainee proceeding with a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Pet., DE 1.) Petitioner seeks his immediate release from immigration detention. He has also filed a motion for preliminary injunction that similarly requests his immediate release from immigration detention. (*See* Mot. Prelim. Inj., DE 5.) For the following reasons, Petitioner's habeas petition is denied without prejudice and his motion for preliminary injunction is denied.

## II. BACKGROUND

Petitioner was born in the town of Bar in the former Socialist Republic of Yugoslavia in 1975. (*See* Pet., DE 1 at 1.) He came with his parents to the United States in 1981. (*See id.*) In 1986, he became a lawful permanent resident. (*See id.* at 1-2).

In July, 2009, Petitioner was convicted of one count of conspiracy with intent to distribute cocaine in the United States District Court for the Southern District of New York. (*See id.* at 7.)

---

[1] Due to privacy concerns about the personal information often filed in § 2241 immigration detention habeas cases, the Court will identify Petitioner only by his first name and the first initial of his surname.

He received a sentence of one year and one day to be followed by five years of supervised release. (*See id.*)

In June, 2010, Petitioner received a notice to appear to be removed from the United States. (*See* Pet. Ex. A, DE 1-1 at 1-2.) After Petitioner completed his incarceration from the Southern District of New York conviction, he was placed into immigration detention. On February 11, 2011, an Immigration Judge ("IJ") ordered Petitioner removed to Montenegro.[2] (*See id.* Ex. B., DE 1-2 at 1.) On April 11, 2011, Petitioner's order of removal became final as Petitioner withdrew his appeal to the Board of Immigration Appeals ("BIA"). (*See* Pet. Ex. C, DE 1-3 at 1.) In March 2012, Petitioner was released from immigration detention after attempts to remove him proved unsuccessful. (*See* Pet., DE 1 at 8.) Petitioner was placed under an order of supervision upon his release from immigration detention. (*See id.* Ex. E, DE 1-5.)

In 2017, while still not in immigration detention, Petitioner attempted to obtain a passport from the Montenegro Consulate. However, on February 28, 2017, the Montenegro Consulate denied his passport application, stating that "being born in Montenegro is not a guarantee that one has Montenegrin citizenship." (*See* Pet. Ex. F, DE 1-6.)

In November, 2018, Immigration & Customs Enforcement ("ICE") received a travel document from the Montenegro Consulate for Petitioner's removal. (*See* Answer Ex. B, DE 10-2 at 3.) Petitioner was taken into immigration detention on December 18, 2018. (*See* Pet., DE 1 at 9.) Two days later the Montenegro Consulate withdrew the travel document on grounds it had been issued in error. (*See* Answer Ex. B, DE 10-2 at 3.)

---

[2] As Petitioner notes in his habeas petition, "[t]he Socialist Federal Republic of Yugoslavia began to disintegrate in the early 1990s, and in 1991 two of its constituent states, Serbia and Montenegro, formed the Federal Republic of Yugoslavia. In June 2006, as the result of a referendum, the Federal Republic of Yugoslavia dissolved, and Montenegro and Serbia each declared independence." (*See* Pet., ECF 1 at 7.)

Thereafter, Petitioner remained in immigration detention while ICE attempted to effectuate his removal.  After discussions between the United States Department of State and the Montenegro Consulate, a procedure for deporting him was agreed upon in June, 2019.  (*See* Supp. Answer Ex. A, DE 14-1 at 1.)  However, in order to fulfill the legal conditions, Petitioner needed to sign travel application forms.  (*See id.*; *see also* Supp. Answer Ex. B, DE 14-2 at 1.)

ICE attempted to get Petitioner to sign the travel application forms in June, July, August, September and November, 2019.  (*See* Answer, DE 10 at 9-10.)  He has refused to sign them.  Petitioner claims that signing the forms is futile as he is not a citizen of Montenegro and Montenegro will not agree to accept him.  (*See* Pet., DE 4 at 10-11.)  He further claims he will suffer serious consequences if he is removed to a country where he is not a citizen.  (*See* Reply, DE 11 at 6.)

Petitioner filed his counseled federal habeas petition in this Court on August 30, 2019.  (*See* Original Pet., DE 1.)  He subsequently refiled it on September 16, 2019.  (*See* Pet., DE 4.)  In November, 2019, Petitioner field a motion for preliminary injunction seeking his immediate release from immigration detention.  (*See* Mot. Prelim. Inj., DE 5 & 6.)  Respondent filed a response to the habeas petition and motion for preliminary injunction on December 4, 2019.  (*See* Answer, DE 10.)  Petitioner filed a reply in support of his habeas petition and motion for a preliminary injunction on December 14, 2019.  (*See* Reply, DE 11.)

On February 19, 2020, this Court ordered Respondent to provide documentary evidence confirming that Petitioner is a citizen of Montenegro.  (*See* Mem. Order, DE 13.)  Respondent filed a response on March 6, 2020.  (*See* Supp. Answer, DE 14.)  Petitioner filed a reply on March 16, 2020.  (*See* Supp. Reply, DE 18.)  The matter is now ripe for adjudication.

### III.   LEGAL STANDARD

Habeas relief may be extended to an immigration detainee who "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989).  A court has habeas jurisdiction when a petitioner is held by a custodian within its jurisdiction and claims, by way of his § 2241 habeas petition, that his continued detention is unconstitutional.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).  Habeas jurisdiction is determined at the time the habeas petition is filed. *See Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990).  Thus, this Court has jurisdiction over this habeas petition because Petitioner was being detained in New Jersey at the time he filed this habeas petition, even though he has since been transferred to Mississippi.  (*See* Mot. Prelim. Inj., DE 5-1 at 1.)

### IV.   DISCUSSION

Section 1231(a) requires the Government to detain an alien during the ninety-day removal period following a final order of removal. *See* 8 U.S.C. § 1231(a)(2); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001).  Under 8 U.S.C. § 1231(a)(1)(B) "[t]he removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  8 U.S.C. § 1231(a)(1)(B). Thus, Petitioner's removal period began when he withdrew his appeal to the BIA in 2011.

Removable aliens may be detained beyond that ninety-day period if "reasonably necessary" to effectuate the alien's removal.  *See Zadvydas*, 533 U.S. at 689, 699.  In *Zadvydas*, the United

4

States Supreme Court established a period of six months from the date the order of removal becomes final as a presumptively reasonable time in which to effectuate an alien's removal. *See id.* at 701. After the six-month period has elapsed, the alien must show that there is "no significant likelihood of removal in the reasonably foreseeable future" in order to merit habeas relief. *See id.* If the alien makes such a showing, the Government "must respond with evidence sufficient to rebut that showing." *Id.* As explained by the Supreme Court, "[t]his 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; s*ee also Concepcion v. Aviles*, No. 15-2053, 2015 WL 3794776, at *3 (D.N.J. June 17, 2015).

> As one court in this District has noted:
>
>> Numerous courts in this District have held that a detainee's failure to cooperate in obtaining travel documents precludes a finding that his or her removal is not reasonably foreseeable. *See Conceicao v. Holder*, No. 12-4668, 2013 WL 1121373, at *3 (D.N.J. Mar. 13, 2013) ("[W]here Petitioner is refusing to sign the necessary travel documents, he has failed to cooperate in his removal and has failed, in this Court, to establish that there is no likelihood of his removal in the reasonably foreseeable future."); *Diaz–Martin v. Holder*, No. 11-6692, 2012 WL 4661479, at *4–5 (D.N.J. Oct. 2, 2012) (finding that where petitioner failed to cooperate in his removal, he failed to establish that there is no likelihood of his removal in the reasonably foreseeable future); *Camara v. Gonzales*, No. 06-1568, 2007 WL 4322949, at *4 (D.N.J. Dec. 6, 2007) (finding that petitioner failed to state a constitutional claim under *Zadvydas* due to his failure to cooperate with INS to obtain the necessary travel documentation).

*Ugarte v. Green*, No. 17-1436, 2017 WL 6376498, at *3 (D.N.J. Dec. 13, 2017) (Chesler, J.).

The Court accepts that Petitioner refuses to sign travel application forms on futility grounds because Montenegro declared in 2017 that he was not a citizen. His grounds for not signing are based only on a *belief* Montenegro will not accept him. Petitioner's refusal to sign the relevant travel forms constitutes Petitioner's lack of cooperation in his removal. Emails from the

5

Montenegro Consulate appear to illustrate that Montenegro will issue the travel documents once Petitioner signs the relevant application forms. (*See* Supp. Answer Ex. B, DE 14-2 at 1.) If Petitioner signed the application forms as requested in 2019, and he still had not been removed, this may have placed Petitioner in a different position to possibly entitle him to relief under *Zadvydas*. However, based on this record, his refusal to sign constitutes a failure to cooperate with his removal. Thus, he fails to show that there is no reasonable likelihood of his removal in the foreseeable future such that his habeas petition will be denied.

The denial of the habeas petition shall be without prejudice. If/when Petitioner signs the relevant travel application forms, and if Petitioner is still not then removed from the United States within a reasonable period thereafter, he can of course seek habeas relief again.

### V.     MOTION FOR A PRELIMINARY INJUNCTION

As noted *supra*, Petitioner has also filed a motion for preliminary injunction which seeks similar relief to his habeas petition, namely, his release from immigration detention. To obtain a preliminary injunction, Petitioner must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also HR Staffing Consultants LLC v. Butts*, 627 F. App'x 168, 171 (3d Cir. 2015). Preliminary injunctions are an "extraordinary remedy, which should be granted only in limited circumstances." *Frank's GMC Truck Ctr. Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988). The district court's decision whether to grant an injunction is "discretionary." *EBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Petitioner is not entitled to a preliminary injunction in this case as he has failed to show a likelihood of success on the merits. Indeed, as described above, this Court is denying his habeas

petition without prejudice.  Accordingly, Petitioner's motion for a preliminary injunction will also be denied.

## VI.   CONCLUSION

For the foregoing reasons, Petitioner's motion for a preliminary injunction will be denied and his habeas petition will be denied without prejudice.  An appropriate order will be entered.


DATED:  April 24, 2020                         s/ Katharine S. Hayden
                                               KATHARINE S. HAYDEN
                                               United States District Judge